IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY L. ASH, Jr., #200039, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-cv-00200-JPG |
| MARILYN REYNOLDS, CHIEF FERRELL, SUMMER NORTH, and DERICK BAKER, | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Troy L. Ash, Jr., a former detainee at Williamson County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, he asserts claims against the defendants for subjecting him to conditions at the Jail that caused him to contract COVID-19. (*Id*. at 6-7). He also brings claims against the defendants for denying him medical treatment for his symptoms. Plaintiff seeks money damages and injunctive relief.[1] (*Id*. at 8).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff's transfer from Williamson County Jail to Marion County Law Enforcement Center renders his request for injunctive relief based on the conditions of his confinement at the Jail **MOOT**, unless he can demonstrate that he will return to the Jail and face the same conditions again. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (transfer mooted claim for injunctive relief "against officials at the first prison").

1

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 6-7): Plaintiff was allegedly exposed to COVID-19 on December 4, 2020, when Nurse Reynolds tested him for coronavirus using a nasal swab. (*Id*. at 6). When she administered the test, Nurse Reynolds did not wear gloves or a mask. (*Id*.). Two days later, Nurse Reynolds, Sergeant Crowson, and Plaintiff tested positive for the virus. (*Id*.). Plaintiff was transferred to Cell C-102 on the Jail's quarantine block and left there for fifteen days. (*Id*.). During this time, he was denied test results, medical care, hospitalization, vitamins, showers, mail, visits, and phone calls. (*Id*.). Officers took Plaintiff's temperature but did not know how to operate a digital thermometer. (*Id*. at 7). He was otherwise denied medical care. The experience caused him to suffer emotional distress. (*Id*. at 9).

**Discussion**

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

> **Count 1:** Eighth or Fourteenth Amendment claim against Williamson County Jail and Nurse Reynolds for Plaintiff's 15-day denial of access to medical care, vitamins, and showers after he tested positive for COVID-19 in December 2020.
>
> **Count 2:** Health Insurance Portability and Accountability Act ("HIPAA") claim against Williamson County Jail and Nurse Reynolds for revealing the results of Plaintiff's COVID-19 test to correctional officers without showing them to Plaintiff.
>
> **Count 3:** Medical malpractice claim against Williamson County Jail and Nurse Reynolds for administering Plaintiff's COVID-19 nasal swab test without gloves or a mask on December 4, 2020, just two days before he tested positive for COVID-19.
>
> **Count 4:** Emotional distress claim against Williamson County Jail and Nurse Reynolds for causing Plaintiff to suffer mental anguish in connection with his COVID-19 testing and treatment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Preliminary Dismissals

Williamson County Jail is named in connection with all four claims. To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law committed a violation of rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). The Jail it is not considered a "person" under Section 1983. To state a claim against a defendant in any context, Plaintiff must first name the defendant as a party to the action. The Jail is not named as a defendant. *See* FED. R. CIV. P. 10(a) (complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, Counts 1, 2, 3, and 4 against Williamson County Jail shall be dismissed with prejudice.

Chief Ferrell, Summer North, and Derick Baker are listed as defendants in the case caption of the Complaint, but Plaintiff includes no allegations against them in the statement of his claim. Merely naming a possible defendant is not enough to state a claim against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). These defendants shall be dismissed without prejudice.

### Count 1

The applicable legal standard for this claim against Nurse Reynolds depends on Plaintiff's status as a pretrial detainee or convicted prisoner when his claims arose. The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs the claim, if Plaintiff was a pretrial detainee. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). Either way, the allegations suggest that Nurse Reynolds acted in an objectively unreasonable manner or with deliberate indifference in her diagnosis and treatment of Plaintiff for COVID-19. Count 1 survives preliminary review against Nurse Reynolds.[3]

### Count 2

The Health Insurance Portability and Accountability Act (HIPAA) prohibits the disclosure of a patient's medical information without his consent. *See* 42 U.S.C. §§ 1320d-1 to d-7. That said, the statute does not create a private right of action to enforce this substantive prohibition, and the Seventh Circuit recently held that HIPAA does not confer individual enforcement rights, either express or implied. *See Stewart v. Parkview Hospital*, 940 F.3d 1013, 1015 (7th Cir. 2019). Plaintiff's claim for money damages for the unlawful disclosure of his COVID test results shall be dismissed with prejudice.

### Count 3

Plaintiff's medical malpractice claim in Count 3 and emotional distress claim in Count 4 both arise under Illinois state law. This Court has supplemental jurisdiction over the state claims because they arise from the same facts as the federal claims. *See* 28 U.S.C. § 1367(a). The Court will therefore consider the merits of these claims.

In order to bring a negligence claim under Illinois state law, a plaintiff must allege facts suggesting that the defendant owed him a duty of care, breached the duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). The allegations are sufficient to support a

---

[3] Although Plaintiff refers to the denial of phone and mail access, he does not assert that the denial foreclosed his access to the courts or resulted in any other deprivation of his liberty or property interests under the Fourteenth Amendment. Without more, these allegations support no constitutional claim against the defendants.

negligence claim against Nurse Reynolds at screening.  However, Plaintiff has not provided the affidavit and medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622.  To survive summary judgment, Plaintiff is warned that he must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit.  *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019).  His failure to do so is not dispositive of his claim at this point, so Count 3 shall proceed against Nurse Reynolds.

**Count 4**

Plaintiff has not indicated whether the emotional distress claim in Count 4 is for intentional or negligent infliction of emotional distress.  Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress.  *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017).  To state a claim for negligent infliction of emotional distress, a plaintiff must show that: (1) the defendant owed him a duty; (2) the defendant breached that duty; and (3) plaintiff's injury was proximately caused by that breach.  *Roehl v. Merrilees*, 2012 WL 1192093 (N.D. Ill. 2012) (citing *Howell v. Jofe*, 483 F. Supp. 2d 659, 667 (N.D. Ill. 2007) (citing *Parks v. Kownacki*, 193 Ill.2d 164, 737 N.E. 287, 297 (Ill. 2000)).  Beyond stating that he suffered from mental anguish as a result of his mistreatment at the Jail in December 2020, Plaintiff does not address the elements of these claims against any defendant.  He impermissibly relies on a bald assertion of emotional distress to support his claim against the nurse.  *Ashcroft v. Iqbal*, 556 U.S.C.

662, 678 (2009); FED. R. CIV. P. 8.  This is not enough to survive Section 1915A review.  Count 4 against Nurse Reynolds shall be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **3** survive screening against **MARILYN REYNOLDS** in her individual capacity.  **Pursuant to Administrative Order No. 244, Defendant Reynolds need only respond to the issues stated in this Merits Review Order.  Because these claims pertain to medical issues, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the following claims do not survive screening under 28 U.S.C. § 1915A and shall be dismissed:

- **COUNTS 1, 2, 3,** and **4** against **WILLIAMSON COUNTY JAIL** are dismissed with prejudice for failure to state a claim against this non-party.

- **COUNT 2** against **MARILYN REYNOLDS** is **DISMISSED** with prejudice for failure to state a claim.

- **COUNT 4** against **MARILYN RENYOLDS** is **DISMISSED** without prejudice for failure to state a claim.

- **CHIEF FERRELL, SUMMER NORTH,** and **DERICK BAKER** are **DISMISSED** without prejudice because the Complaint fails to state a claim against them.

**The Clerk's Office is DIRECTED to TERMINATE CHIEF FERRELL, SUMMER NORTH,** and **DERICK BAKER as parties in CM/ECF.**

**IT IS ORDERED** that Plaintiff's request for injunctive relief is **DISMISSED** without prejudice as being **MOOT**.

With regard to **COUNTS 1** and **3**, the Clerk of Court shall prepare for Defendant **MARILYN REYNOLDS** (individual capacity only): (1) Form 5 (Notice of a Lawsuit and

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/8/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.