# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TROY L. ASH, Jr., #200039, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-00200-JPG |
| | ) | |
| MARILYNN REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court on Defendant Marilyn Reynolds' Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule (12)(b)(6)"). (Doc. 29). Nurse Reynolds seeks dismissal of Counts 1 and 3 against her. For the reasons set forth below, the motion shall be **GRANTED**. However, Plaintiff shall have an opportunity to file a First Amended Complaint on or before **March 4, 2022**.

## Background

Plaintiff Troy Ash filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for deprivations of his rights under federal and state law by the staff at Williamson County Jail ("Jail"). (Doc. 1). He claims that Jail officials subjected him to conditions at the Jail that caused him to contract COVID-19 and denied him medical treatment for his symptoms. (*Id*. at 6-7). He requests monetary relief. (*Id*. at 8).

In the Complaint, Plaintiff more specifically alleges that he was exposed to COVID-19 when Nurse Reynolds tested him for coronavirus without wearing a face mask or gloves on December 4, 2020. (*Id*. at 6). Two days later, Nurse Reynolds, Sergeant Crowson, and Plaintiff all tested positive for the virus. (*Id*.). Plaintiff was transferred to the Jail's quarantine block and

1

housed there for fifteen days. (*Id*.).  While in quarantine, he was denied test results, medical care, hospitalization, vitamins, showers, mail, visits, and phone calls.  (*Id*.).  The officers who took his temperature had no idea how to operate a digital thermometer.  (*Id*. at 7).  He was otherwise denied medical care.  (*Id*.).  Plaintiff claims that this experience caused him to suffer emotional distress. (*Id*. at 9).

On February 22, 2021, Plaintiff filed a Complaint against Nurse Reynolds and other Jail officials.  (Doc. 1).  The Court screened this matter under 28 U.S.C. § 1915A on April 8, 2021. (Doc. 14).  The following claims survived screening:

> **Count 1:**  Eighth or Fourteenth Amendment claim against Nurse Reynolds for Plaintiff's 15-day denial of access to medical care, vitamins, and showers after he tested positive for COVID-19 in December 2020.
>
> **Count 3:**  Medical malpractice claim against Nurse Reynolds for administering Plaintiff's COVID-19 nasal swab test without gloves or a mask on December 4, 2020, just two days before he tested positive for COVID-19.

Counts 1 and 3 were allowed to proceed against Nurse Reynolds in her individual capacity.  (*Id*.).

**Rule 12(b)(6) Motion to Dismiss**

On June 7, 2021, Nurse Reynolds filed a motion to dismiss both claims against her under Rule 12(b)(6). (Doc. 29)  The nurse points out that the Complaint explicitly alleges that she went on a "2 week leave" following her diagnosis with COVID-19.  (*Id*. at 5) (citing Doc. 1, p. 6). Because her diagnosis occurred on the same date as Plaintiff's diagnosis, her sick leave coincided with Plaintiff's transfer to quarantine and his denial of medical care, medication, and other supplies for fifteen days.  Nurse Reynolds asks the Court to dismiss Count 1 against her because the allegations reveal that she was not present during the relevant time period, and she seeks dismissal of the state medical negligence claim in Count 3 for failure to state a claim or, alternatively, for lack of jurisdiction.  (Doc. 29, pp. 26-27) (citing 28 U.S.C. § 1367).

**Response**

On August 23, 2021, Plaintiff filed a Response in opposition to the motion. (Doc. 33). There, he asserts that Nurse Reynolds acted with negligence when she administered Plaintiff's COVID-19 test without a mask or gloves, failed to explain what symptoms he might experience, failed to offer him hand sanitizer, and allowed an "unprofessional guard" to take his temperature while in quarantine. (*Id.*). Because Counts 1 and 3 were already allowed to proceed at screening, he asks the court to deny the pending motion. (*Id.*).

**Applicable Legal Standard**

A motion filed pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") tests the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to set forth detailed factual allegations in support of his claims, but he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## Discussion

According to the screening order, Plaintiff was allowed to proceed with Count 1 against the nurse based on her alleged denial of medical care, vitamins, and showers for the 15-day period after he tested positive for COVID-19 in December 2020. However, the nurse's absence for two weeks during the same time period absolves her of any liability for this claim under the Fourteenth and/or Eighth Amendment. *See Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017). (Section 1983 liability hinges on personal involvement in or responsibility for a constitutional deprivation.). Accordingly, Nurse Reynolds' motion to dismiss Count 1 shall be granted, and this claim shall be dismissed without prejudice for failure to state a claim upon which relief may be granted against the nurse.

When a district court dismisses those claims over which it has original jurisdiction, the court can exercise discretion when deciding whether to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 717 (7th Cir.), *cert. denied*, 525 U.S. 870 (1998). As a general rule, district courts dismiss pendant state law claims when faced with this scenario. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court will follow the general rule here. Accordingly, Nurse Reynolds' motion to dismiss Count 3 shall also be granted, and this claim shall be dismissed without prejudice for lack of jurisdiction.

Plaintiff's case does not end here. He did not explicitly plead a claim against Nurse Reynolds for a violation of his Eighth and/or Fourteenth Amendment rights based on her failure to wear gloves or a mask while testing him on December 4, 2021. The Court could, of course, allow such a claim to proceed if the allegations articulate a claim. Upon review, the Court finds the factual allegations lacking. For example, it is unclear whether Plaintiff was a pretrial detainee

or convicted person when the nurse tested him on December 4, 2020, so the Court cannot discern which legal standard applies. Normally, this would not doom an otherwise well-articulated claim, but that is not the case here. The factual allegations are threadbare and offer little context for a claim against the nurse based on her failure to wear gloves and a mask.

If he wishes to pursue this, or any other claim, that was dismissed without prejudice, Plaintiff may file a First Amended Complaint. He should describe the acts or omissions on the part of the nurse that amounted to deliberate indifference in violation of the Eighth Amendment (if he was a convicted prisoner), objectively unreasonable conduct (if he was a pretrial detainee), and/or medical negligence (if he intends to pursue his supplemental state law claim). By way of example only, the allegations should describe the circumstances surrounding Plaintiff's testing, the availability of gloves/masks, any requests that the nurse wear protective gear during testing, the length of his exposure to the nurse during testing, whether either individual presented with symptoms of COVID-19 at the time of testing, whether he developed symptoms before or after testing, and whether his positive test results were taken from the nasal swab that occurred on December 4, 2020. Finally, Plaintiff should pay close attention to the below instructions and deadline for filing his First Amended Complaint because his non-compliance with this Order shall result in dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that Defendant Marilynn Reynolds' Motion to Dismiss for Failure to State a Claim for Relief Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 29) is **GRANTED**. **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNT 3** is **DISMISSED** without prejudice because the Court declines to exercise supplement jurisdiction over this claim.

This dismissal does not preclude Plaintiff from re-pleading these, or any other, claims in this action or a separate action altogether. If he chooses to file a First Amended Complaint herein, Plaintiff should do so by **March 4, 2022**. Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-00200-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The amended complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The amended complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/7/2022**

                                                  s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**