IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY L. ASH, Jr., #200039, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00200-JPG |
| | ) |
| MARILYN REYNOLDS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 36) filed by Plaintiff Troy L. Ash, Jr. Plaintiff is a former detainee at Williamson County Jail ("Jail"), and he brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the First Amended Complaint, Plaintiff alleges that Nurse Marilyn Reynolds exposed him to COVID-19 while administering a COVID-19 test to every inmate on his block without wearing a mask, gloves, or other personal protective equipment (PPE) on December 4, 2020. (Doc. 36). When he complained, Nurse Reynolds told Plaintiff to "shut up" and proceeded to administer his test without PPE. Two days later, on December 6, 2020, Plaintiff became very ill and tested positive for COVID-19. Nurse Reynolds also tested positive the same day. Thereafter, she denied Plaintiff access to medical treatment, showers, cleaning supplies, and education about the virus, even though Plaintiff alleges that the nurse was present at the Jail from December 6-11, 2020. (*Id.*).

Plaintiff claims that Nurse Reynolds is to blame for unreasonably and/or negligently: (a) refusing to use PPE while administering COVID-19 tests on December 4, 2020; (b) refusing to provide him with medical treatment for his symptoms while she was at work from December 6-11, 2020; (c) failing to ensure Plaintiff's ongoing treatment while she was out with COVID-19 the

1

following week; and/or (d) refusing to test him again for COVID-19 in late December 2020 before transferring him onto a block with healthy detainees. Plaintiff seeks money damages and injunctive relief.[1]

The First Amended Complaint is now subject to screening under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the amended complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to recharacterize Counts 1 and 3 as follows:

> **Count 1:** Fourteenth Amendment claim against Nurse Reynolds for taking the following objectively unreasonable actions with respect to Plaintiff:
>
> (a) refusing to use PPE while administering inmates COVID-19 tests on December 4, 2020;
>
> (b) refusing to provide Plaintiff with medical treatment, sanitizer, and showers during his illness with COVID-19 while she was still at work from December 6-11, 2020;
>
> (c) failing to ensure Plaintiff received ongoing treatment and access to sanitizer and showers while she was out with COVID-19 in December 2020;
>
> (d) refusing to test Plaintiff again for COVID-19 in late December 2020 before transferring him onto a block with healthy detainees.

---

[1] Plaintiff transferred from Williamson County Jail to Marion County Law Enforcement Center before filing the First Amended Complaint. His transfer renders his request for injunctive relief based on the conditions of his confinement at Williamson County Jail **MOOT**, unless he can demonstrate that he will return to the Jail and face the same conditions again. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (transfer mooted claim for injunctive relief "against officials at the first prison").

**Count 3:**    Medical malpractice claim against Nurse Reynolds for negligently:

(a) refusing to use PPE while administering inmates COVID-19 tests on December 4, 2020;

(b) refusing to provide Plaintiff with medical treatment, sanitizer, and showers during his illness with COVID-19 and while she was still at work from December 6-11, 2020;

(c) failing to ensure Plaintiff received ongoing treatment and access to sanitizer and showers while she was out with COVID-19 in December 2020;

(d) refusing to test Plaintiff again for COVID-19 in late December 2020 before transferring him onto a block with healthy detainees.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[2]

### Count 1

The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims in Count 1. In addition, Section 1983 claims require personal involvement in or responsibility for a constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017).

Count 1(a) shall receive further review under these standards because the allegations suggest that Nurse Reynolds knowingly or intentionally refused to use PPE while testing the entire cell block for COVID-19 on December 4, 2020, and this refusal was objectively unreasonable.

Count 1(b) shall also proceed against the nurse, based on Plaintiff's allegation that the nurse was present at work and unreasonably denied him medical care, hand sanitizer/cleaning supplies, and showers while he suffered from COVID-19 from December 6-11, 2020.[3]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[3] The Court previously granted Nurse Reynolds' motion to dismiss Plaintiff's claims based on her uncontested assertion that she was sick for two weeks beginning December 6, 2020, and was not responsible for his care during that time. (*See* Doc. 35, p. 4). In the First Amended Complaint, Plaintiff affirmatively

3

Count 1(c) shall be dismissed without prejudice, however, because *respondeat superior* liability is inapplicable to claims brought pursuant to Section 1983. Plaintiff complains that an officer administered his care while the nurse was gone, and the officer did not know what he was doing. The nurse cannot be held liable for the misconduct of another person, even if that person is a subordinate, such as an employee of the nurse. Plaintiff should bring this constitutional claim, if at all, against the officer.

Finally, Count 1(d) shall be dismissed with prejudice because it has no bearing at all on Plaintiff's recovery or care for COVID-19. Whether the nurse took his temperature before transferring him back into the healthy inmate population may be relevant to another inmate's claim, but it does not affect any aspect of Plaintiff's treatment or care, given the allegations that he received no care at all in either location. Count 1(d) shall therefore be dismissed with prejudice for failure to state a claim against the nurse for any denial of Plaintiff's care.

In summary, Counts 1(a) and (b) shall receive further review against Nurse Reynolds. However, Count 1(c) shall be dismissed without prejudice and Count 1(d) shall be dismissed with prejudice for failure to state any claim for relief herein.

## Count 3

The Illinois medical malpractice claim in Count 3 arises from the same transactions or occurrences as Count 3, so the Court has supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(a). In order to bring a negligence claim under Illinois state law, a plaintiff must allege facts suggesting that the defendant owed him a duty of care, breached the duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45

---

alleges that the nurse was, in fact, present at the Jail during the relevant time period. Factual disputes regarding this issue are best left for another day and more complete record following the close of discovery.

(Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)).  The allegations are sufficient to support the negligence claims in Count 3 against Nurse Reynolds at screening.

However, Plaintiff has not provided the affidavit and medical report required under Illinois state law, *i.e.*, 735 ILCS § 5/2-622.  Although this omission does not doom the claim(s) at this early stage, Plaintiff is **WARNED** that he must file the affidavit and supporting physician's report stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, in order to survive summary judgment.  *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019).  Plaintiff's failure to submit this information with the First Amended Complaint is not dispositive of his claim(s) at this point, so Count 3 shall proceed against Nurse Reynolds.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 36) survives screening under 28 U.S.C. § 1915A, as follows: **COUNTS 1(a)** and **(b)** and **COUNTS 3(a)-(d)** survive screening against **MARILYN REYNOLDS** in her individual capacity.  **Pursuant to Administrative Order No. 244, Defendant Reynolds should only respond to the issues stated in this Merits Review Order.  Because these claims pertain to medical issues, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act, if one has not been entered.**

**IT IS ORDERED** that **COUNT 1(c)** is **DISMISSED** without prejudice, and **COUNT 1(d)** is **DISMISSED** with prejudice, both for failure to state any claim upon which relief may be granted against **MARILYN REYNOLDS.**

**IT IS ORDERED** that Plaintiff's request for injunctive relief is **DISMISSED** without prejudice as being **MOOT**.

Defendant **MARILYN REYNOLDS** shall timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C.

§ 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any address change, in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/6/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**